UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| KWAME DOUGLAS | NO.: 13-00110-BAJ-EWD |

## RULING AND ORDER

Before the Court are Petitioner Kwame Douglas' **Motion to Vacate under 28 U.S.C. § 2255 (Doc. 47)**, the **Motion for Reconsideration (Doc. 55)**, the **Motion to Reconsider Petitioner's Motion to Modify Sentence (Doc. 59)**, the **Motion for Summary Judgment and Final Disposition Concerning Petitioner's § 2255 Motion (Doc. 61)**, and the **Motion to Compel a Final Ruling (Doc. 65)**. For the following reasons, the **Motion to Vacate under 28 U.S.C. § 2255 (Doc. 47)** and the **Motions to Reconsider (Docs. 55 and 59)** are DENIED. The **Motion for Summary Judgment and Final Disposition Concerning Petitioner's § 2255 Motion (Doc. 61)** is DENIED AS MOOT.

I. BACKGROUND

On September 18, 2013 Petitioner pled guilty to possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1) and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) before the Honorable James Brady. (Docs. 23). On February 10, 2014, the Court sentenced Petitioner to an eighty-four month term of imprisonment and three years of supervised release. (Doc. 24 at p. 3-

1

4). At the sentencing hearing, the Court adopted the presentence investigation report. (Doc. 25). On August 20, 2015, Petitioner filed a Motion to Reduce Sentence based on the retroactive effect of an amendment to the Sentencing Guidelines. (Doc. 41). The Court granted the Motion and reduced Petitioner's sentence to seventy-seven months. (Doc. 45). On May 6, 2016, Petitioner then filed a Motion to Vacate under 28 U.S.C. § 2255, contending that he is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015). (Doc. 47). On December 8, 2016, Petitioner then filed a Motion to Modify, and or Correct Sentence Pursuant to Rule (60)(b)(6), which the Court denied. (Doc. 51). Petitioner then asked the Court to reconsider its denial of this motion. (Doc. 55). On March 8, 2018, Petitioner then filed a Motion for Summary Judgment and Final Disposition, in which he seeks a ruling on his previously filed § 2255 Motion. (Doc. 61)

## II. DISCUSSION

### A. Motion to Vacate

Petitioner argues that in light of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), that his sentence should not have been enhanced under § 2K2.1(a)(3) of the Guidelines because the Guidelines definition of "crime of violence" is void for vagueness. (Doc. 47). Section 2K2.1(a)(3) provides for a base offense level of twenty-two if:

> the offense involved a (i) semiautomatic firearm that is capable of accepting a large capacity magazine; or (ii) firearm that is described in 26 U.S.C. § 5845(a); and (B) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a *crime of violence* or a controlled substance offense[.]

2

Petitioner's claim that the Guidelines definition of "crime of violence" is void for vagueness after *Johnson* is foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 889, 892 (2017). In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act . . . violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. But *Beckles* held that, unlike the Armed Career Criminal Act at issue in *Johnson*, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. 887, 892 (2017). Petitioner's Motion to Vacate is therefore denied.

**B.     Motion to Modify**

Petitioner also asks the Court to reconsider its denial of his motion to modify his sentence. (Doc. 55 and 59).[1] In December of 2016, Petitioner asked the Court to modify his sentence because a California conviction that the Court used to increase his criminal history category by three points under § 4A1.1(a) is no longer a felony. (Doc. 50). Under § 4A1.1(a), courts "[a]dd 3 [criminal history] points for each prior sentence of imprisonment exceeding one year and one month." Petitioner contends that after California reclassified one of his felony convictions as a misdemeanor, he should no longer be subject to the three point enhancement. (Docs. 55 and 59). The Court denied Petitioner's request because § 4A1.1(a) turns on the length of each prior sentence of imprisonment, and not whether the conviction is a felony or misdemeanor. (Doc. 51). The court further noted that "the records submitted by defendant do no[t]

---

[1] Petitioner filed two substantially similar motions asking for the same relief. (Doc. 55 and 59).

3

show a reduction in his state court sentence and therefore fail to support any change to the guideline calculations." *Id.*

Petitioner asks the Court to reconsider its ruling because he obtained a letter from the Los Angeles County Public Defender stating that his conviction "is a misdemeanor offense punishable in the county jail for a term of imprisonment not exceeding 364 days." (Doc. 55-2).[2] The problem with Petitioner's argument, as the Court previously noted, is that § 4A1.1(a) turns on the length of his sentence and not whether it is a felony or misdemeanor. The plain language of the Guidelines shows that it is irrelevant whether he would be sentenced to less than a year today, what is relevant is his actual period of incarceration.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Vacate under 28 U.S.C. § 2255 (Doc. 47)** is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion for Reconsideration (Doc. 55)** and the **Motion to Reconsider Petitioner's Motion to Modify Sentence (Doc. 59)** are **DENIED**.

---

[2] The Court would normally construe Petitioner's motion styled as a Motion for Reconsideration under Fed. R. Civ. P. 60(b)(6) as a second or successive § 2255 motion to vacate. *In re Jasper*, 559 F. App'x 366, 371 (5th Cir. 2014). But, the Court did not previously characterize Petitioner's initial Motion to Modify His Sentence as a § 2255 motion, and therefore the Court cannot construe the instant motion as a second or successive § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 377 (2003).

4

IT IS FURTHER ORDERED that the **Motion for Summary Judgment and Final Disposition Concerning Petitioner's § 2255 Motion (Doc. 61)** is DENIED AS MOOT.

IT IS FURTHER ORDERED that the **Motion to Compel Final Ruling (Doc. 65)** is DENIED AS MOOT.

Baton Rouge, Louisiana, this 27th day of April, 2018.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA